IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN COLEMAN, | § | |
| | § | No. 590, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1511006774 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 14, 2018
Decided: April 5, 2018

Before **STRINE**, Chief Justice, **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

This 5th day of April 2018, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     The Superior Court's order granting the State's Motion to Reopen should be affirmed on the basis of and for the reasons assigned by the Superior Court in its well-reasoned Memorandum Opinion and Order[1] dated June 3, 2016.

(2)     Coleman's conscious decision not to object to the admission of a record that the prosecutor described as "a certified copy of the defendant's criminal

---

[1] *State v. Coleman*, ID No. 1511006774, 2016 WL 3365785 (Del. Supr. Ct. June 3, 2016).

conviction"[2] undercut his later argument—after the State had released its witnesses and rested its case—that the State's proof did not sufficiently link him to the conviction record because, after all, it might have related to another "Kevin Coleman." We note that this stratagem did nothing more than delay Coleman's eventual conviction, at an obvious cost to all involved. Under these circumstances, the trial judge's decision, out of an understandable abundance of caution, to allow the State to reopen its case so that it could button down the proof of Coleman's 2011 conviction was a sound exercise of her discretion.

(3) Coleman also argues that his detention leading to the discovery of incriminating evidence was pretextual and that, the Superior Court abused its discretion when it denied his motion to suppress. But Coleman did not make this claim in the Superior Court. In addition, Coleman's conclusory statement that

---

[2] When the State moved the court to admit the record, Coleman advised the court that he didn't "have a basis to prevent a self-authenticated under the rules of evidence." To the extent that he meant to say that there is no basis for objecting to the admissibility of a document that is self-authenticating under D.R.E. 902, Coleman was mistaken. Many an authentic document has been excluded from evidence on the grounds of relevance (D.R.E. 401, 402), unfair prejudice, confusion, waste of time (D.R.E. 403) and the like. Indeed, the Official Comment to D.R.E. 901 makes clear that "[t]he mere authentication of evidence does not necessarily mean the evidence is admissible under other rules." If Coleman had reason to believe that the record proffered by the State was not what the State represented it to be—"a certified copy of [Coleman's] criminal conviction"—he could have (and should have) objected to its admission on relevance or prejudice grounds. Moreover, to the extent that defense counsel's puzzling remark about self-authentication conceded the record's authenticity under the Delaware Rules of Evidence, his eventual argument that the record did not provide adequate proof of Coleman's prior conviction makes no sense. A record is authentic if "[i]t is what its proponent claims," D.R.E. 901(a), and, here, the prosecutor claimed that the proffered record was a record of *the defendant's*, i.e., *Coleman's* prior conviction.

"[p]retextual stops violate the Delaware Constitution,"[3] relying exclusively on *State v. Heath*,[4] is insufficient to raise a claim of constitutional magnitude.[5] Therefore, this argument has been waived.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[3] Appellant's Opening Br. 27.

[4] 929 A.2d 390 (Del. Super. 2006). In *Turner v. State*, 25 A.3d 774, 777 (Del. 2011), we noted that the Superior Court's holding in *Heath* that the Delaware Constitution prohibits "purely" pretextual stops was not appealed and has not been followed in any other Superior Court decision. We also made clear that exclusive reliance on *Heath* is an insufficient basis for a constitutional claim of the type Coleman is attempting to make in this case.

[5] *Turner*, 25 A.3d at 777 (quoting *Ortiz v. State*, 869 A.2d 285, 291 n.4 (Del. 2005)).